IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| L.S.J., a child with a disability, individually and by her guardians and next friends, Courtnie Jones and Wesley Jones, | Civil Action No.: 7:22-cv-01331-HMH |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| Spartanburg County School District #5, | |
| Defendant. | |

**PLAINTIFFS**, L.S.J., a child with a disability, individually and by her guardians and next friends, Courtnie Jones and Wesley Jones, by and through her attorneys, John M. Read, IV, Esq. of the Read Law Firm, LLC and Andrew T. Potter, Esq. of Potter Law, LLC, for her complaint hereby alleges:

## INTRODUCTION

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. Section 1415(i)(3).

## PARTIES

2. Plaintiff L.S.J. resides in Spartanburg County, in the State of South Carolina and

1

Plaintiffs Courtnie Jones and Wesley Jones reside in Spartanburg County, in the State of South Carolina.

3. Plaintiff, L.S.J. is a child with a disability as defined by IDEA, 20 U.S.C. Section 1401(3)(A).

4. Courtnie Jones and Wesley Jones are the parents of L.S.J. as defined by IDEA, 20 U.S.C. Section 1401(19).

5. Defendant, Spartanburg County School District #5 is a local educational agency as defined by IDEA, 20 U.S.C. Section 1401(15), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. Section 1400, et.seq., and the regulations promulgated thereunder.

**JURISDICTION & VENUE**

6. Jurisdiction is predicated upon 28 U.S.C. Section 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. Section 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. Section 1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. Section 1391(b)(2) based upon the location of the subject matter of this action.

## FACTS

8. L.S.J. was born on July 31, 2008 and suffers from a specific learning disability and autism.

9. L.S.J. was classified as "specific learning disability" and "other health impaired" by the defendant's individual education plan committee/ team.

10. By letter to Defendant dated May 5, 2021, Plaintiffs demanded a due process hearing pursuant to 20 U.S.C. Section 1415(f)(1).

11. Plaintiffs' letter demanded, *inter alia*, a finding that Defendant did not properly develop and implement an IEP for L.S.J. for school year 2019-2020 and committed numerous procedural violations resulting in a failure to provide L.S.J. with a free appropriate public education (FAPE) as required by 20 U.S.C. Section 1400(d)(1)(A) and defined by 20 U.S.C. Section 1401(8).

12. Plaintiff requested the following:
    a. That the defendant deliver compensatory education;
    b. That the defendant reimburses all tuition, fees and costs expended in having to enroll L.S.J. in a homeschool program for school year 2020-2021 and 2021-2022.

13. Defendant appointed Douglas Dent, Esq. as impartial hearing officer (IHO) as the local level hearing officer.

14. A due process hearing was held wherein the local level hearing officer denied Plaintiff's claim on September 2, 2021, which was properly appealed by Plaintiff on September 9,

2021.

15. On September 13, 2021, a State Level Hearing Officer was appointed by the South Carolina Department of Education to hear the appeal.

16. On October 12, 2021, a final decision was entered by the state level hearing officer wherein she found that in pertinent part:

> "I find that the district did not provide a FAPE during the 2020 COVID shut-down due to not fully implementing the Student's IEP as written. To account for the loss of learning during this time period, I order reimbursement for the 12 sessions of tutoring the Parents provided to the student in the summer of 2020, as well as payment for an additional 12 equivalent sessions of tutoring in lieu of compensatory education—not to exceed $1800."

17. This final order by the State Level Hearing Officer has not been appealed by any party, thus settling the case with administrative and judicial imprimatur.

18. This Order provided the relief demanded in the hearing request.

## FIRST CAUSE OF ACTION

19. Plaintiffs repeat and reallege paragraphs 1 through 18 as if more fully set forth herein.

20. Plaintiff parent initiated an impartial hearing on behalf of L.S.J.

21. Plaintiffs prevailed by obtaining an Order from the State Level hearing officer that commanded the Defendant to provide a portion of the relief sought by Plaintiffs.

22. Plaintiffs having prevailed in the underlying proceedings hereby demand reasonable attorneys' fees and costs pursuant to 20 U.S.C. Section 1415(i)(3).

WHEREFORE, Plaintiffs respectfully request that this Court:

1) Assume jurisdiction over this action;

2) Award the plaintiffs costs, expenses and attorneys' fees for the administrative proceedings pursuant to 20 U.S.C. Section 1415;

3) Award to the plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. Section 1415; and

4) Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**Potter Law, LLC**

*/s/ Andrew T. Potter*

_____
Andrew T. Potter (Federal No.: 6925)
PO Box 2722
Anderson, SC 29622
Phone: (864) 214-6233
Email: atpotter@potterlawsc.com

-and-

**Read Law Firm, LLC**

*/s/ John M. Read, IV*

_____
John M. Read, IV (Federal No.: 7684)
101 W. Park Ave
Greenville, SC 29601
Phone: (864) 501-5110
Email: jread@readlegal.com

**ATTORNEYS FOR PLAINTIFFS**

April 26, 2022